UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Nebraska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IOTA INDIGO, LLC,<br><br>Defendant. | Case No. 2:13-cv-01837-MMD-PAL<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 10; Plf's Motion for Leave to File First Amended Complaint – dkt. no. 16) |

**I.   SUMMARY**

Before the Court are Defendant Iota Indigo, LLC's Motion to Dismiss (dkt. no. 10) and Plaintiff Commonwealth Title Insurance Company's Motion for Leave to File First Amended Complaint ("Motion for Leave") (dkt. no. 16). For the reasons discussed below, Plaintiff's Motion for Leave is granted and Defendant's Motion to Dismiss is denied as moot.

**II.   BACKGROUND**

Plaintiff filed the Complaint on October 8, 2013. (Dkt. no. 1.) The Complaint alleges the following. Plaintiff is in the business of insuring title to real estate. In approximately December, 2005, developer Flamingo/TC, LLC ("Flamingo") purchased property ("Property") to build a large condominium and retail development. Ohio Savings Bank ("OSB") loaned money to Flamingo to help pay for the development.  As security

for its loans, OSB took a Deed of Trust on the Property. OSB also purchased a lender's policy ("Policy") from Plaintiff that guaranteed the priority of the Deed of Trust over mechanic's liens that might be filed against the Property. However, OSB caused and agreed to mechanic's liens that had priority over the Deed of Trust. When the development project began to fall through, OSB stopped advancing committed loan proceeds to subcontractors and in response the subcontractors filed mechanic's liens and commenced foreclosure. Plaintiff paid for OSB's defense and settlement costs "under a reservation of its rights to seek reimbursement of those costs in the event of a determination that the Policy did not cover the lienor's claims." (Dkt. no. 1 at 3.) Defendant is OSB's successor in interest.

Plaintiff sought reimbursement from Defendant because OSB caused and agreed to mechanic's liens with priority over the Deed of Trust, in violation of the Policy. Defendant refused. The Complaint asserts a claim of unjust enrichment against Defendant. Defendant moved to dismiss the Complaint (dkt. no. 10.), and Plaintiff filed the Motion for Leave (dkt. no. 16) and an opposition to the Motion to Dismiss (dkt. no. 17).

III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also, e.g., Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir.2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pac. Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir.2004).

///

///

## IV. ANALYSIS

Plaintiff seeks to add a claim of contract implied-in-fact against Defendant. The proposed First Amended Complaint contains the additional allegations that Plaintiff communicated its reservation of rights to deny coverage and seek reimbursement of policy benefits to Defendant and that Defendant assented. The Supreme Court of Nevada has stated that a fact-finder may find a contract implied-in-fact where the fact-finder concludes "that the parties intended to contract and promises were exchanged, the general obligations for which [were] sufficiently clear." *Certified Fire Prot., Inc. v. Precision Constr.*, 283 P.3d 250, 256 (Nev. 2012).

The Court finds that the proposed amendment would not be futile, as Plaintiff may allege a contract implied-in-fact under Nevada common law. There is no indication that Plaintiff seeks leave to amend in bad faith or with a dilatory motive. Further, Defendant will not be prejudiced by the amendment because the parties are in the early stages of litigation, discovery has not yet commenced and this is Plaintiff's first request for leave to amend the Complaint.

Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). However, as the Court grants Plaintiff's Motion for Leave, Defendants' Motion to Dismiss is denied as moot.

## V. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Leave to File First Amended Complaint (dkt. no. 16) is granted.

It is further ordered that Defendant's Motion to Dismiss (dk.t no. 10) is denied as moot.

DATED THIS 14th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE