# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Nebraska Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>IOTA INDIGO, LLC, a Nevada Limited Liability Company, DOES I through X; and ROE BUSINESS ENTITIES XI through XX,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:13-cv-01837-RFB-PAL<br><br>**ORDER**<br><br>Defendant's Motion to Dismiss Amended Complaint |

## I.     INTRODUCTION

Before the Court is a Motion to Dismiss Amended Complaint (ECF No. 24) filed by Defendant Iota Indigo, LLC ("Iota"). The Court has reviewed the parties' papers. For the reasons discussed below, Defendant's motion is denied.

## II.    BACKGROUND

On October 8, 2013, Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") filed a Complaint against Iota and numerous Doe and Roe business entities, listing causes of action for unjust enrichment and a contract implied-in-fact. ECF No. 1. Commonwealth filed an Amended Complaint on January 10, 2014. ECF No. 23. The Amended Complaint involves alleged reimbursement agreements or understandings between Commonwealth and Iota's predecessor-in-interest, AmTrust Bank f/k/a Ohio Savings Bank

1. ("AmTrust").[1] The following facts are alleged in the Amended Complaint.

2. On or about September 19, 2006, Commonwealth issued a lender's policy of title insurance (the "Policy") to AmTrust. First Am. Compl. ¶¶ 2, 11. AmTrust sought to insure a $53.7M land refinance and development loan and a $26M revolving construction loan that AmTrust issued to Flamingo/TC LLC ("Flamingo") in September 2006. Id. ¶ 24. The loans were for the development of 57.31 acres of land (the "Property") in the Summerlin community in Las Vegas, Nevada. Id. ¶ 19. As security for these loans, AmTrust was granted a deed of trust (the "Deed of Trust") on the Property from Flamingo. Id. ¶ 10. The Policy insured the priority of the Deed of Trust over any mechanic's liens that might be filed on the Property. Id. ¶ 11. However, the Policy contained exclusions from coverage for liens or other encumbrances that AmTrust "created, suffered, assumed or agreed to." Id. ¶ 32.

Flamingo's subcontractors filed mechanic's liens on the Property in June 2008. Id. ¶ 51. AmTrust requested defense and indemnification from these actions from Commonwealth in accordance with the Policy. Id. ¶ 53. Commonwealth, therefore, retained counsel and defended the priority of the Deed of Trust over the mechanic's liens. Id. ¶¶ 53-54. But before doing so, Commonwealth issued to AmTrust a reservation of Commonwealth's rights to terminate the defense in the event that it found the matter not to be covered under the Policy. Id. ¶ 54. Commonwealth alleges it further reiterated its reservation of rights in later letters to Iota (AmTrust's successor-in-interest), including reservation of the right to seek reimbursement of settlement payments and attorneys' fees if the mechanic's liens were determined to fall within the Policy's exclusions. Id. ¶ 57. Commonwealth eventually settled with the subcontractors after communicating its intent to do so to Iota and offering Iota an opportunity to reject the settlements and defend itself in the mechanic's lien actions. Id. ¶¶ 65-69. Iota did not communicate any disagreement with the settlements to Commonwealth. Id. ¶ 69.

. . .

. . .

---

[1] Ohio Savings Bank is referred to as AmTrust throughout this Order to reflect the name Defendant uses most often in its Motion to Dismiss.

1  Ultimately, Commonwealth determined that Iota's claims—and therefore Commonwealth's defense and settlement indemnification of Iota—fell within the Policy's exclusions. Id. ¶ 71.

Commonwealth asserts two claims for relief. First, it alleges unjust enrichment because the defense and settlement payments benefitted Iota but were not covered under the Policy. Iota's receipt of the benefit of these settlements without compensating Commonwealth is inconsistent with equity and good conscience. Id. ¶ 78. Second, Commonwealth alleges that by sending letters reserving its right to deny coverage and seek reimbursement for the services it was providing, Commonwealth offered a contract implied-in-fact and Iota accepted. Id. ¶¶ 81-83.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

- 3 -

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

**IV.    DISCUSSION**

In its Motion to Dismiss, Iota centers its arguments on the effect of the Policy on Commonwealth's claims. Mot. Dismiss 8-10, ECF No. 24. Iota argues that its Policy with Commonwealth did not include a right to reimbursement by which Commonwealth could seek to recover the costs of defending Iota against the mechanic's lien actions. Id. at 9. Iota asserts that the absence of any explicit right to reimbursement in the Policy reflects an affirmative choice by Commonwealth not to include it. Id. at 10. Therefore, Iota argues, Commonwealth's claim for unjust enrichment must be dismissed because no such claim may be brought where there is an express, written contract (in this case, the Policy) governing the matter. Id. at 9. Similarly, Iota contends that since the Policy already addresses the parties' obligations, a later agreement regarding reimbursement is a rewrite of that contract, which cannot occur through a contract implied-in-fact. Id. at 10. Additionally, Iota asserts that Commonwealth was obligated under Nevada law to defend Iota because coverage under the Policy was ambiguous. Id. at 11. Finally, Iota argues Commonwealth's interpretation of the Policy is implausible and therefore the Amended Complaint should be dismissed. Id. at 16.

As a document properly submitted as part of the complaint, the Court may take judicial notice of the Policy. Lee, 250 F.3d at 688. However, the Court may nonetheless decline to take

judicial notice of documents that are not relevant to the issues before it. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). The Court in this case declines to take judicial notice of the Policy as it is not necessary to the causes of action asserted by Commonwealth, and therefore is not relevant to the motion at this stage. Accordingly, the Court also declines to consider any of Iota's arguments premised on the Policy.

### A. Unjust enrichment

Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he . . . deserve[s]" for that benefit. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof." Id. (internal quotation marks omitted). The benefit conferred "can include services beneficial to or at the request of the other, denotes any form of advantage, and is not confined to retention of money or property." Id. (internal quotation marks omitted).

The Court finds that Commonwealth has stated a claim for unjust enrichment. First, Commonwealth alleges it conferred benefits on Iota by providing a settlement payment to the subcontractors on behalf of Iota and by defending the priority of the Deed of Trust. First Am. Compl. ¶ 67. Whether the defense is defined monetarily or as a service conferred at the request of Iota, Iota clearly, pursuant to the allegations in the Amended Complaint, received benefits from this action as well as from Commonwealth's settlement payment made on Iota's behalf.

Second, the Amended Complaint alleges that Iota was aware of the defense and settlement payments, encouraged Commonwealth to expend money on the defense and settlement, and materially benefited from these actions in that the complaint was settled. Id. ¶ 77; Mot. Dismiss at 5. Thus, Commonwealth has alleged that Iota appreciated the benefits conferred on it by Commonwealth.

Third, the Court rejects Iota's argument that, as a matter of law, its retention of any benefits without paying for them is not inequitable. Construing Commonwealth's allegations of

1  material fact in the light most favorable to it, Commonwealth has plausibly demonstrated that
2  Iota inequitably retained the benefits conferred by Commonwealth. Commonwealth alleges that
3  the settlement payments and defense were not services it was obligated to provide, that Iota
4  assumed some risk for the monetary cost in encouraging the settlement and declining to provide
5  its own defense, that Commonwealth provided notice that it would seek reimbursement if it
6  found the services not covered, and that Commonwealth assumed the cost for the defense and
7  settlement. First Am. Compl. ¶¶ 55, 77-79. These factual allegations provide a basis upon which
8  the Court could find that a plausible argument can be raised that it was inequitable for AmTrust
9  to retain the benefits of the settlement payments and defense without compensating
10 Commonwealth.  Thus, the unjust enrichment cause of action may proceed.

### B. Contract Implied-in-fact

A contract implied-in-fact arises from the theory of quantum meruit in which a contract is manifested by conduct. Certified Fire Prot. Inc., 283 P.3d at 256. The contract "arises from the tacit agreement of the parties." Id. (citation and internal quotation marks omitted). "To find a contract implied-in-fact, the fact-finder must conclude that the parties intended to contract and promises were exchanged, the general obligations for which must be sufficiently clear." Id. "Where such a contract exists . . . quantum meruit ensures the [provider of services] receives the reasonable value, usually market price, for his services." Id.

The Court finds Commonwealth has stated a claim for a contract implied-in-fact. Commonwealth alleges its letters reserving the right to seek reimbursement of the defense and settlement costs made the general obligations of the parties sufficiently clear for a contract implied-in-fact. First Am. Compl. ¶ 81. Taken in the light most favorable to Commonwealth, those letters demonstrate that Commonwealth promised to defend Iota against the mechanic's lien actions and that by agreeing to Commonwealth's defense, Iota promised to assume the full responsibility for the settlement and defense costs if Commonwealth determined that its defense fell outside of the Policy's coverage. Id. ¶ 57.

Commonwealth's allegations also plausibly establish that the parties intended to enter into this contract. Iota received Commonwealth's right to reimbursement letters without protest

or rejection. Id. ¶¶ 65-69. Additionally, Commonwealth alleges it gave Iota options to discontinue the defense or to reject the settlement and assume its own defense and thus reject the implied contract, but in both cases Iota elected to accept Commonwealth's services. Id. ¶¶ 65-66. These allegations lead to the reasonable inference, also alleged by Commonwealth, that Iota assented to the terms of the implied-in-fact contract. The Court therefore concludes that this cause of action may proceed.

## V.   CONCLUSION

For the reasons stated in this Order and has been previously ordered,

**IT IS ORDERED** that Defendant Iota Indigo LLC's Motion to Dismiss Amended Complaint (ECF No. 24) is DENIED.

**IT IS FURTHER ORDERED** that the stay of discovery as ordered by this Court on June 27, 2014 (ECF No. 28) is LIFTED.

DATED: August 5, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**