Christina H. Wang, Esq.
Nevada Bar No. 9713
David E. Littman, Esq.
Pro Hac Vice, Texas Bar No. 24013049
FIDELITY NATIONAL LAW GROUP
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
Tel:  (702) 667-3000
Fax: (702) 697-2020
Email: christina.wang@fnf.com
       david.littman@fnf.com
Attorneys for *Commonwealth Land Title Ins. Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Nebraska Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>IOTA INDIGO, LLC, a Nevada Limited Liability Company, DOES I-X; and ROE BUSINESS ENTITIES XI-XX<br><br>  Defendant. | Case No. 2:13-cv-01837-MMD-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

To promote the efficient administration of this case and to adequately protect information and material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, the undersigned parties hereby stipulate and agree, and request that the Court, pursuant to its authority under Rule 26(c) of the Federal Rules of Civil Procedure, order as follows:

**1. Nondisclosure of Confidential Documents and Confidential Information.** Except as provided herein, Confidential Documents or Confidential Information, as defined herein, shall not be disclosed to any person.

**2. Definitions and Designation of Confidential Materials.** The term "document" as used herein shall include all documents and things as described in Fed. R. Civ. P. 34(a). A "Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a

reasonable examiner): **"Confidential."** "Confidential Information" means any oral or non-documentary information designated confidential at any deposition or hearing within 20 days of such deposition or hearing by the declarant or his or her counsel; provided that any designation of oral or non-documentary information as confidential shall be specific as to the portion to be protected. "Confidential Materials" means Confidential Documents and/or Confidential Information. "Producing Party" is any party or non-party who provides or has provided Confidential Materials under the terms of this Order.

**3. Limitation on Matters Subject to Confidentiality.** Any party may designate documents or information as Confidential, but only after an attorney for the party, or the party itself if appearing pro se, has determined in good faith that the documents or information contain consumer nonpublic personal information (as defined by 15 U.S.C. § 6809), trade secrets or other confidential or proprietary research or other proprietary business information; matters related to company security; current and projected sales data; information related to sales and marketing strategies; information related to pricing and pricing strategies; information which gives the party a competitive advantage which is not typically disclosed or known; information related to current, former or prospective customers and/or clients; production data and information; information relating to mergers and acquisitions; personnel records and information; financial information not publicly filed with any federal or state regulatory authority; any information or documents that are subject to a confidentiality provision or agreement with a third party, and information related to any complaint and/or investigation not publicly filed with any federal or state regulatory authority. If any party believes material not described above should nevertheless be considered confidential, it may seek a stipulation among the parties to treat such document or information as Confidential or it may make an appropriate application to the Court. Such application shall only be granted for good cause shown. Material shall not be treated as Confidential, whether or not it has been designated as such, if it is available in a public record, generally known or available to the public or in the industry of the producing party, or was available to the recipient on a non-confidential basis from a person other than the discloser or employee of the discloser who is

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

1  not otherwise bound by this Confidentiality Stipulation and Agreement or is not otherwise
2  prohibited from transmitting the information to the recipient, or was disclosed with the consent
3  of the discloser.

4  **4. Permissible Disclosure.** Confidential Materials shall only be shown to or shared
5  with (1) counsel for the parties or their agents; (2) the parties; (3) the parties' experts and their
6  agents; (4) actual or proposed witnesses; (5) court personnel; (6) any party's internal public
7  auditor, regulator, or other governmental entity with jurisdictional authority over the recipient;
8  (7) any insurance company potentially responsible for indemnifying a party for defense costs or
9  a judgment in this proceeding; (8) any arbitrator or mediator if this case is submitted to
10 arbitration or mediation; or (9) other persons whom the attorneys deem reasonably necessary to
11 review the documents for the prosecution or defense of this lawsuit. Nothing in this
12 Confidentiality Stipulation and Agreement shall restrict the use of Confidential Materials
13 during trial, subject to an objection of a party opposing the introduction of Confidential
14 Materials as evidence during trial. Each person who is permitted to see or is informed of
15 Confidential Materials shall be shown a copy of this Confidentiality Stipulation and Agreement
16 and shall be advised, by counsel showing the person Confidential Materials, of this
17 Confidentiality Stipulation and Agreement and each person's obligation to maintain the
18 Confidential designation. For each such person, he/she shall be required to confirm their
19 understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A
20 hereto.

21 **5. Declassification.** If a party believes that material designated or sought to be
22 designated Confidential by the producing party does not warrant such designation, the party
23 shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the
24 event that such a dispute cannot be resolved by the parties, either party may apply to the Court
25 for a determination as to whether the designation is appropriate. The burden rests on the party
26 seeking Confidentiality to demonstrate that such designation is proper.

27 **6. Withdrawal of Confidentiality.** A party may withdraw its own "Confidential"
28 designation of any Confidential Materials, except to the extent that it contains consumer

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

1 nonpublic personal information (as defined by 15 U.S.C. § 6809).  Such withdrawal may be
2 made by filing (not under seal) its own Confidential Materials or made in a writing served upon
3 the parties to this action that specifically identifies the Confidential Materials that shall no
4 longer be treated as "Confidential" pursuant to this Confidentiality Stipulation and Agreement.
5 Any withdrawal under this paragraph is limited to the material filed or specified.

6       **7. Subpoena by Other Courts or Agencies.**  This Confidentiality Stipulation and
7 Agreement shall not prevent the production of Confidential Materials if another court or
8 administrative agency subpoenas or orders production of Confidential Materials that a party has
9 obtained under the terms of this Confidentiality Stipulation and Agreement.  If ordered to
10 produce Confidential Materials by another court or administrative agency, that party shall give
11 written and telephone notice to counsel for the Producing Party within three (3) business days
12 after receipt of the subpoena or other compulsory process identifying the Confidential
13 Materials sought and enclosing a copy of the subpoena or other compulsory process.  If the
14 Producing Party timely seeks a protective order, the party to which the subpoena or other
15 compulsory process was issued or served shall not produce the Confidential Materials called
16 for prior to receiving a court order or the consent of the Producing Party.  In the event that such
17 Confidential Materials is produced to the non-party, such material shall still be treated in
18 accordance with its designation as "Confidential" by the Parties to this Order.

19       **8. Filing.**  If any party intends to file with the Court or offer into evidence any
20 document claimed to reflect Confidential Material, the Filing Party shall file a motion to seal in
21 compliance with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*,
22 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures provided for in Rule
23 10-5(b) of the Local Rules of Practice of the United States District Court, District of Nevada
24 ("L.R."), which provides that,

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal, and shall be filed in accordance with the Court's electronic filing procedures.  If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  All papers filed under seal will

remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motion must show good cause exists to overcome the presumption of public access. *Id.* at 1180. If the sole ground for a motion to seal is that the Producing Party has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the Producing Party at least seven days prior to filing the designated documents. The Producing Party must then make a good faith determination if the relevant standard for sealing is met. To the extent the Producing Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the Producing Party believes that the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the Producing Party fails to provide sucn a declaration in support of the motion to seal, the filing party shall file the motion to seal so indicating and the Court may order the document filed in the public record.[1]

**9. Use.** Persons obtaining access to Confidential Materials under this Confidentiality Stipulation and Agreement shall use the documents and information only for the purposes of this litigation, including the prosecution, defense, settlement, and appeal thereof, or for any other litigation or dispute involving the Producing Party (or any of its affiliates) and the recipient (or any of its affiliates) of Confidential Materials.

**10. Non-Termination.** The provisions of this Confidentiality Stipulation and

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the Producing Party shall file a declaration in support of that motion to seal within three days of tis filing. If the Producing Party fails to timely file such a declaration, the Court may order the document filed in the public record.

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

1 Agreement shall not terminate upon dismissal of this litigation. After the final conclusion of
2 all aspects of this litigation, Confidential Materials and all paper and/or electronic copies of the
3 same (other than exhibits of record) shall be, at the discretion and request of the producing
4 party, (1) returned to the party or person that produced such documents, or (2) destroyed and
5 certified under oath as destroyed to the producing party or the producing party's attorney of
6 record, provided that such documents are not being used in or relate to any other litigation or
7 dispute between the producing party (or any of its affiliates) and the recipient (or any of its
8 affiliates).

9      **11. Modification Permitted.** Nothing in this Confidentiality Stipulation and
10 Agreement shall prevent any party or other person from seeking modification of such
11 Confidentiality Stipulation and Agreement or from objecting to discovery that it believes to be
12 otherwise improper. The parties shall not be free, however, to modify paragraph eight in
13 contravention of L.R. 26.2 without court approval.

14      **12. Additional Parties.** In the event that any additional persons or entities become
15 parties to this litigation or make an appearance, no such additional party shall have access to
16 Confidential Materials until the party has executed and filed with the Court a copy of this
17 Confidentiality Stipulation and Agreement, or other agreement to be bound thereby.

18      **13. Responsibility of Attorneys.** The attorneys of record are responsible for
19 employing reasonable measures, consistent with this Confidentiality Stipulation and
20 Agreement, to control duplication of, access to, and distribution of copies of Confidential
21 Materials. Parties shall not duplicate any Confidential Materials except for using as working
22 copies and for filing in a manner consistent with the terms of this Confidentiality Stipulation
23 and Agreement and with the applicable Federal Rules of Civil Procedure.

24      **14. No Waiver.**
25 (a) Review of Confidential Materials by counsel, experts, or consultants for the litigants in
26 this litigation shall not waive the confidentiality of the materials or any objection to production
27 permitted by the Federal Rules of Civil Procedure.
28 (b) The inadvertent, unintentional, or *in camera* disclosure of Confidential Materials shall

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim of confidentiality.

(c)     Pursuant to Fed. R. E. 502(d), any privilege or protection afforded to Confidential Documents is not waived by disclosure.

**15. Reservation of Rights.**  Nothing contained in this Confidentiality Stipulation and Agreement, and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents and information sought.

**16. Non-Parties.**  Non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

STIPULATED AND AGREED.

DATED this 7th day of October, 2015.

| FIDELITY NATIONAL LAW GROUP | BALLARD SPAHR LLP |
|---|---|
| /s/ Christina H. Wang, Esq. | /s/ Ann Marie Hansen *(w/permission)* |
| Marni Rubin Watkins, Esq. | Abran E. Vigil |
| Nevada Bar No. 9674 | Nevada Bar No. 7548 |
| Christina H. Wang, Esq. | Ann Marie Hansen |
| Nevada Bar No. 9713 | Nevada Bar No. 10144 |
| 2450 St. Rose Pkwy., Ste. 150 | 100 North City Parkway, Ste. 1750 |
| Henderson, Nevada 89074 | Las Vegas, Nevada 89106 |
| Attorneys for Plaintiff | Attorneys for Defendant |

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 27, 2015

# EXHIBIT A

## ACKNOWLEDGMENT

I, _____, hereby certify:

1. I have read the Stipulated Protective Order (the "Order") in the lawsuit styled: *Commonwealth Land Title Insurance Company v. IOTA Indigo, LLC*, Case No. 2:13-cv-01837-MMD-PAL in the United States District Court, District of Nevada. A copy of the Order was given to me.

2. Any documents, information, materials, or testimony which are protected under the Order entered in this case and designated as Confidential Material will be used by me only in connection with the above-captioned matter.

3. I will not disclose or discuss such protected Confidential Material with any person other than those individuals permitted by the Order to review such materials.

4. I understand that the use of such Confidential Material, documents, information, or testimony obtained by me (or any portions or summaries thereof) in any manner contrary to the provisions or the Order may subject me to sanctions by the Court for violating the Order.

Signature:_____

Please Print or Type the Following:

Name:_____

Title and Affiliation: _____

Address:_____
\_

Telephone Number: _____

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000